UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REINE M. LAMARRE,

                    Plaintiff,

-against-

ROCKLAND COUNTY OFFICE FOR THE AGING,

                    Defendant.

22-CV-1406 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

    Plaintiff brings this *pro se* action under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112-12117, the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-796, and the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. §§ 2601 to 2654. The complaint can also be liberally construed as asserting claims under the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297. By order dated February 23, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis (IFP)*.

## DISCUSSION

    Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

    Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to

serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Rockland County Office for the Aging through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendant.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for Defendant Rockland County Office for the Aging, complete a USM-285 form with the address for this defendant, and deliver to the U.S. Marshals Service all documents necessary to effect service. The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

SO ORDERED.

Dated:   February 23, 2022
         White Plains, New York

_____
CATHY SEIBEL
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

Rockland County Office for the Aging
50 Sanitorium Rd., Bldg. B
Pomona, NY 10970